# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00745-CR

### Francisco Llanas, Appellant

### v.

### The State of Texas, Appellee

### FROM THE 450TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-20-300570, THE HONORABLE BRAD URRUTIA, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Although I agree with the Court that this is a plea-bargain case and that the motion to suppress was filed and ruled on after "trial" commenced, I disagree that dismissal is the appropriate remedy at this time. For that reason, I dissent.

In a plea-bargain case, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." Tex. R. App. P. 25.2(a)(2); *see also* Tex. Code Crim. Proc. art. 44.02 (providing that in plea-bargain case, defendant "must have permission of the trial court" to appeal, "except on those matters which have been raised by written motion filed prior to trial"). Thus, both the rules of appellate procedure and the code of criminal procedure provide that in a plea-bargain case, a trial court may give a defendant permission to appeal, even those matters that were not raised by written motion filed and ruled on before trial, such as the motion to suppress in this case.

The question here is whether the district court gave Llanas permission to appeal its ruling on his motion to suppress. The district court's certification of Llanas's right to appeal is unclear on the matter. The district court checked conflicting boxes certifying that this case was both: (1) "not a plea-bargain case, and the defendant has the right of appeal"; and (2) "a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." In the second box, the district court crossed out the words "is a plea bargain case." Neither checked box is correct. This *was* a plea-bargain case, and the motion to suppress was *not* filed and ruled on before trial.

However, both checked boxes also indicate that Llanas has the right of appeal. Because this was a plea-bargain case, and the motion to suppress was not filed and ruled on before trial, Llanas would have the right of appeal only if the district court had given him permission to appeal. There is a box on the certification stating that this "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal." Although the district court did not check that box, I do not find the lack of a check mark to be dispositive at this time, because the district court appeared to mistakenly believe this was not a plea-bargain case. As the Court notes, in addition to checking the two conflicting boxes regarding the plea-bargain status of the case, the district court also checked but then crossed out two other spaces for boxes certifying that this "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal."

Given the lack of clarity and accuracy in the certification before us, I do not believe that it is appropriate at this time to dismiss the appeal. Rather, the appropriate remedy is to abate the appeal and remand the case to the district court for entry of an amended certification that provides clarity regarding whether the district court gave Llanas permission to appeal.

2

*See* Tex. R. App. P. 25.2(f) (providing for amended certification to be filed in appellate court); 34.5(c) (providing for supplementation of appellate record with certification); 37.1 (providing that if certification in criminal case is defective, appellate court "must notify the parties of the defect so that it can be remedied, if possible"); 44.4(a) (providing that appellate court "must not" dismiss appeal if "trial court's erroneous action . . . prevents the proper presentation of a case to the court of appeals; and the trial court can correct its action"), (b) (providing that "[i]f the circumstances described in [Rule 44.4](a) exist, the court of appeals must direct the trial court to correct the error" and "will then proceed as if the erroneous action . . . had not occurred"); *see also Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (explaining that rules of appellate procedure "reflect a strong interest in ensuring that a defendant's right to appeal is not abridged due to 'defects or irregularities' which can be corrected").

If the district court gave Llanas permission to appeal the suppression ruling, then Llanas has a right to appeal it, and this Court should not abridge that right. On the other hand, if the district court did not give Llanas permission to appeal, then we can dismiss the appeal when we receive the amended certification. Either way, an amended certification would provide this Court with clarity regarding the district court's intent, and I do not believe we should dismiss an appeal in a criminal case absent such clarity.[1]

---

[1] Although not dispositive, I find it notable that the State has not filed a motion to dismiss this appeal and briefed only the merits of the district court's ruling on the motion to suppress. The Court is dismissing this appeal *sua sponte*, after submitting the appeal on the briefs, without providing any notice to the parties. Although we are not required in a criminal case to provide such notice, I believe that under the circumstances here, we should at least inform the parties that we are questioning our jurisdiction and provide them with an opportunity to file a response. *Cf.* Tex. R. App. P. 42.3(a) (providing that in civil case, appellate court may dismiss appeal for want of jurisdiction "on its own initiative after giving ten days' notice to all parties").

Because the Court is dismissing this appeal without first seeking clarification of the district court's certification of Llanas's right of appeal, I dissent.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Smith

Filed:   October 3, 2024

Do Not Publish